```
UNITED STATES DISTRICT COURT                        USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                       DOCUMENT
                                                    ELECTRONICALLY FILED
                                                    DOC #:
-------------------------------------------------X  DATE FILED: 1/5/18
JAMEEL HAIKEEM DAVIS,                            :
                                                 :
                            Plaintiff,           :
                                                 :
            -against-                            :  17-CV-1895 (VEC)
                                                 :
1568 BROADWAY HOTEL MANAGEMENT LLC               :  ORDER AND OPINION
DOUBLETREE HOTEL TIMES SQUARE,                   :
                                                 :
                            Defendant.           :
-------------------------------------------------X
```

VALERIE CAPRONI, United States District Judge:

Before the Court is Defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff Jameel Haikeem Davis ("Plaintiff" or "Davis"), proceeding *pro se*, commenced this lawsuit against Defendant Times Square Hotel Operating Lessee LLC d/b/a DoubleTree Suites by Hilton – Times Square ("Defendant" or "DoubleTree"), Complaint ("Compl.") [Dkt. 1], alleging a variety of claims related to wage withholdings. Defendant filed a motion to dismiss on the grounds that the Plaintiff fails to plead any cognizable cause of action with regard to the eleven counts asserted. *See* Memorandum of Law in Support of Defendant's Motion to Dismiss ("MTD") [Dkt. 27].[1] For the reasons below, the Court dismisses the Complaint with prejudice.

---

[1] Defendant noted that it was improperly identified by Plaintiff as "1568 Broadway Hotel Management LLC Doubletree Hotel Times Square," so the Court will refer to it as signified above. MTD at 1.

## I. BACKGROUND

Plaintiff, a resident of New York City,[2] makes several claims against his employer DoubleTree, all essentially based on the allegation that he has been injured because Defendant improperly withheld income taxes and executed a garnishment of his wages to satisfy his child support obligations. Plaintiff asserts that he has communicated his wage-related grievances with representatives of the hotel on two occasions. On December 16, 2016, Plaintiff met with representatives of the Defendant and demanded that they stop the withholdings and garnishments, submitting various documents in support of his request.[3] Compl. ¶¶ 17–21, 29–32; Exs. A–F. On February 2, 2017, Plaintiff again met with members of the staff and submitted an affidavit in addition to the original set of documents.[4] *Id.* ¶¶ 33–39; Ex. G. According to Plaintiff, no change was made to his net compensation in response his requests. *Id.* ¶¶ 32, 41. Plaintiff claims that he has suffered a broad array of injuries, laid out in eleven counts, which include violations of due process and other civil rights (Counts One through Six); civil conspiracy (Count Seven); abuse of process (Count Eight); breach of fiduciary duty (Count Nine); economic duress (Count Ten); and infliction of emotional distress (Count Eleven). *Id.* ¶¶ 66–87.

## II. DISCUSSION

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief." *Johnson v. Priceline.com, Inc.*, 711 F.3d

---

[2] *See* Ex. C (stating Plaintiff's home address is in New York, New York). Unless otherwise noted, exhibits cited shall refer to the exhibits attached to the Complaint.

[3] Present at the first meeting were Paola Marmol (Human Resources Coordinator), Martyn Reed (Assistant General Manager), and Edwin Espinal (Union Delegate). Compl. ¶ 17.

[4] Present at the second meeting were Alec Engineer (Human Resources Director), Paola Marmol, and Tony Belizaire (fellow employee). Compl. ¶ 34.

271, 275 (2d Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). "Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "[T]o survive a motion under Rule 12(b)(6), a complaint does not need to contain detailed or elaborate factual allegations, but only allegations sufficient to raise an entitlement to relief above the speculative level." *Keiler v. Harlequin Enters.*, Ltd., 751 F.3d 64, 70 (2d Cir. 2014) (citation omitted).

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts all factual allegations in the pleadings as true and draws all reasonable inferences in the light most favorable to the plaintiff. See *Gibbons v. Malone*, 703 F.3d 595, 599 (2d Cir. 2013) (citation omitted). "A document filed *pro se* is to be liberally construed, . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted).

### A. The Tax Withholding and Garnishments Underlying the Allegations were Proper

#### 1. Tax Withholding

Plaintiff argues that Defendant's withholding of income taxes from his wages was illegal. Compl. ¶ 10–12. "All persons in the United States who receive earned income or remuneration or unearned income are required to file tax returns and, if the income is sufficient, must pay taxes." *Bey v. City of New York D.O.C.*, No. 97 CIV. 4866 (RPP), 1997 WL 576090, at *2 (S.D.N.Y. Sept. 17, 1997), *aff'd sub nom. Akil Bey v. City of New York Dep't of Correction*, 164

F.3d 617 (2d Cir. 1998). *See also United States v. O'Connor*, No. 07-CR-86A, 2007 WL 3232093, at *3 (W.D.N.Y. Oct. 31, 2007) (quoting *United States v. Sloan*, 939 F.2d 499, 501 (7th Cir. 1991)). Deducting appropriate income taxes from an employee's wages is a mandatory legal obligation of an employer, not a discretionary policy. *'El Bey v. MTA/New York*, No. 00 CV 2504 (GBD), 2001 WL 487410, at *2 (S.D.N.Y. May 8, 2001) (citing 26 U.S.C. § 3402(a)(1)).[5] An employer who duly complies with requirements to withhold taxes from wages cannot be held liable for doing so. *Id.* (citing 26 U.S.C. § 3403; *Maxfield v. U.S. Postal Serv.*, 752 F.2d 433, 434 (9th Cir. 1984); *Edgar v. Inland Steele Co.*, 744 F.2d 1276, 1278 (7th Cir. 1984); *Kupcho v. Steele*, 651 F. Supp. 797, 800 (S.D.N.Y. 1986)). To prevent a withholding of federal income tax, there must be "some employment contractual provision to the contrary." *'El Bey*, 2001 WL 487410, at *2 (citations omitted).

Certain individuals, including nonresident aliens, are exempt from federal income taxes.[6] 26 C.F.R. § 1.871-1(a). Plaintiff asserts he is a nonresident alien and has never "lived, worked, nor ha[d] income from any source within" the United States, although he concedes that he was born in New York State. Ex. A, Ex. E. Plaintiff further claimed to be a nonresident alien in a W-8BEN form, in which he recorded his permanent address as "Earth (not within any government)," but he listed a New York City mailing address immediately below (while asserting that New York, New York is "not within any federal zone"). Ex. D; *see also* Ex. C (listing the same address under "Home address"). The thrust of Plaintiff's argument appears to be that because he was born in New York State (or, as he refers to it, "New York State

---

[5] Employers in New York State are also generally required to deduct and withhold state taxes. *See* N.Y. Tax Law § 671.

[6] A "nonresident alien" is one who "is neither a citizen of the United States nor a resident of the United States . . . ." 26 U.S.C. § 7701(b)(1)(B). In contrast to nonresident aliens, resident aliens *are* generally taxable in the same way as U.S. citizens, in that they are taxed on all sources of income. 26 C.F.R. § 1.871-1(a).

4

Republic"), rather than a non-state U.S. territory, he is not subject to U.S. jurisdiction and is exempt from paying taxes. *See* Ex. E ("I hereby certify that I, **Jameel Haikeem Davis**, was born in the continental New York State Republic, of the Union (u)nited [sic] States of America. I was not born in a **territory** over which the United States is Sovereign and I am, therefore, not a citizen of the United States, *subject to its jurisdiction*, to whom the Internal Revenue Code is applicable . . . . I am a Citizen of New York State, and am domiciled in New York county, where I have occupied such status for approximately **40** years since my date of birth . . . . I am, therefore, a *natural born* Citizen of one of the *50* union American States . . . . ").

Plaintiff is incorrect. New York is a state of the United States, and residents of New York State are subject to U.S. federal jurisdiction. Plaintiff was born in New York and has lived here all of his life; he is an American citizen. *See* 8 U.S.C. § 1401. As an American citizen residing in the United States, Plaintiff is subject to the requirement that he pay income taxes. Thus, Defendant properly withheld Plaintiff's taxes.[7]

### 2. Child Support Garnishments

Plaintiff argues that the garnishments of his wages pursuant to an Income Withholding Order ("IWO") issued by Westchester County Child Support Enforcement are illegal. *See*, *e.g.*, Compl. ¶ 11. Employers are required by New York State law to garnish obligatory child support payments pursuant to an IWO. *See* N.Y. C.P.L.R. § 5241 (obligating employers to garnish wages and subjecting employers to penalty for failure to do so); Davis IWO ("IWO") [Dkt. 28-

---

[7] Guidance suggests that New York employers are required to withhold state taxes for several categories of employees, including "New York State nonresidents being paid wages for services performed within the state." Withholding Tax Requirements, N.Y. State Dept. of Taxation and Finance (Nov. 30, 2017), https://www.tax.ny.gov/bus/wt/whtax_require.htm. Accordingly, Plaintiff's alleged non-resident alien status, which the Court rejects, would not support an argument with regard to state tax withholding. Moreover, Plaintiff concedes that he is a citizen of New York State and resides in New York City. Plaintiff has, accordingly, also failed to provide grounds to challenge the withholding of his non-federal taxes.

1]; 42 U.S.C. § 654(4)(B) (requiring that a state plan for child support must "enforce any support obligation established" against a qualifying parent).

Plaintiff argues that the garnishments are illegal because the IWO is void. *Id.* ¶¶ 11, 23–30; *see also* Ex. B. Plaintiff alleges that the IWO is "not a Court order pursuant trial by jury," adding that the Family Court child support hearings violate due process because they are "non-judicial but administrative." *Id.* at ¶¶ 11, 25. As a result, he claims, IWOs are "forgeries" and "void judgments." *Id.* at ¶ 28. Further, Plaintiff argues that the IWO was not signed by a judge and is, therefore, an "invalid instrument and forged document." *Id.* at ¶ 29. These arguments are unavailing. Nothing in the statute or Plaintiff's allegations suggests that an IWO, in order to be effective, must be the result of a jury trial, or that a judge's signature is required. The legal authorities cited in support of his claims are uniformly misdirected and irrelevant. Even if the Court takes all of his factual allegations as true, it cannot infer that Defendant had an obligation to violate state law with regard to validly served garnishments.

### B. Plaintiff's Enumerated Causes of Action are Insufficiently Pleaded

With the understanding that Defendant did not act in violation of its statutory obligations with regard to tax withholdings and child support garnishments, the Court now turns to Plaintiff's eleven causes of action. In each count, Plaintiff merely refers back to his meandering narrative in the first sixty-five paragraphs and states that each purported violation occurred, without making factual allegations necessary to allege the elements of each cause of action.

### 1. Deprivation of Civil Rights (Counts One through Six)

Plaintiff fails to plead adequate facts to establish the elements of his various civil rights claims, namely claims under 28 U.S.C. §§ 1983, 1985, and 1986.[8] *See* Compl. ¶¶ 66–77. These causes of action hinge on there being (among other unsupported elements) an unconstitutional deprivation of, in Plaintiff's case, his wages.[9] As discussed above, Defendant's actions in withholding taxes and executing garnishments were proper under federal and state law, and thus there has been no deprivation of Plaintiff's constitutional rights. Because the Complaint does not plausibly show that the withholdings and garnishments violated Plaintiff's civil rights, Counts One through Six are dismissed.

### 2. Civil Conspiracy (Count Seven)

New York does not provide an independent cause of action for civil conspiracy. *DDR Const. Servs., Inc. v. Siemens Indus., Inc.*, 770 F. Supp. 2d 627, 659 (S.D.N.Y. 2011) (quoting *Maersk, Inc. v. Neewra, Inc.*, 687 F. Supp. 2d 300, 319 (S.D.N.Y. 2009)). Nevertheless, a

---

[8] To the extent that Plaintiff broadly brings undefined claims under the Fifth and Fourteenth Amendments to the U.S. Constitution for deprivation of property without due process, the Court construes these claims as subsumed by Plaintiff's claim under § 1983. The Court also notes that 28 U.S.C. § 1343, cited for Count Six, is a jurisdictional provision and does not in itself provide a cause of action.

[9] "To state a claim under § 1983, a plaintiff must allege two elements: (1) the violation of a right secured by the Constitution and laws of the United States, and (2) the alleged deprivation was committed by a person acting under color of state law." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015) (internal quotation marks and citation omitted).

"A conspiracy claim under Section 1985(3) requires a plaintiff to allege 1) a conspiracy; 2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protections of the laws, or of equal privileges and immunities under the laws; and 3) an act in furtherance of the conspiracy; 4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Dolan v. Connolly,* 794 F.3d 290, 296 (2d Cir. 2015) (quoting *Britt v. Garcia,* 457 F.3d 264, 269 n.4 (2d Cir. 2006)) (internal quotation marks omitted). Moreover, such a "conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus." *Id.* (internal quotation marks and citation omitted).

A claim under § 1986 is contingent on a claim under § 1985, as it "provides a cause of action against anyone who, having knowledge that any of the wrongs conspired to be done, and mentioned in [42 U.S.C. § 1985], are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do . . . ." *Reynolds v. Barrett*, 685 F.3d 193, 201 n.9 (2d Cir. 2012) (internal quotation marks omitted).

plaintiff can allege civil conspiracy "for the purpose of showing that an *otherwise actionable tort was committed jointly by the conspirators* and that, because of the conspirators' common purpose and interest, the acts of one may be imputed to the others." *Id.* (citing *Maersk*, 687 F. Supp. 2d at 319) (emphasis added). A claim that fails to specify the "what, when, where, and how of the conspiracy" and fails to "identify the actionable torts that were the objects of the alleged conspiracy," however, is deficient under Rule 12(b)(6). *Id.*; *see also Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002) ("[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct.") (citation omitted).

The Complaint fails to allege the basic elements of civil conspiracy by failing to identify the single Defendant's co-conspirator, let alone the underlying tort the co-conspirators conspired to commit. Accordingly, Count Seven is dismissed.

### 3. Abuse of Process (Count Eight)

To establish a malicious abuse-of-process claim under New York law, a complaint must allege that the defendant "(1) employs regularly issued legal process to compel performance or forbearance of some act, (2) with intent to do harm without excuse of justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Savino v. City of N.Y.*, 331 F.3d 63, 76 (2d Cir. 2003) (quoting *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir. 1994)). Plaintiff fails to allege that Defendant abused any legal process and fails to allege any facts from which the Court can infer the requisite intent to harm or any collateral objective. Accordingly, Count Eight is dismissed.

#### 4. Breach of Fiduciary Duty (Count Nine)

To allege a cause of action for breach of fiduciary duty under New York law, a plaintiff must allege the existence of a fiduciary duty, a knowing breach of that duty, and damages resulting from the breach. *Johnson v. Nextel Commc'ns, Inc.,* 660 F.3d 131, 138 (2d Cir. 2011) (citations omitted). Nowhere in the Complaint does Plaintiff allege that DoubleTree owed him a fiduciary duty or that it knowingly breached any such duty, let alone a causal connection between the breach and damages. Accordingly, Count Nine is dismissed.

#### 5. Economic Duress (Count Ten)

"A party seeking to avoid a contract because of economic duress shoulders a heavy burden [and] must show that the [contract] was secured (1) by means of wrongful threat precluding the exercise of free will; (2) under the press of financial circumstances; (3) where circumstances permitted no other alternative." *Oquendo v. CCC Terek*, 111 F. Supp. 3d 389, 407–08 (S.D.N.Y. 2015) (internal quotation marks and citations omitted). Because Plaintiff offers no facts regarding the execution of his employment contract, nor any associated threat made by Defendant, Count 10 is dismissed.

#### 6. Infliction of Emotional Distress (Count Eleven)

Plaintiff does not specify whether the alleged infliction of emotional distress was intentional or negligent. Either way, the Complaint fails to plausibly state a cause of action.

A claim for intentional infliction of emotional distress requires "(1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress. . . . Conduct satisfying the first element of the tort must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in

a civilized society." *Sesto v. Slaine*, 171 F. Supp. 3d 194, 201 (S.D.N.Y. 2016) (quoting *Conboy v. AT&T Corp.*, 241 F.3d 242, 258 (2d Cir. 2001); *Bender v. City of New York*, 78 F.3d 787, 790 (2d Cir. 1996)) (internal quotation marks omitted). Negligent infliction of emotional distress requires a breach of a duty of care resulting in a direct mental injury, and the claim must have some guarantee of genuineness. *Id*. at 203–04 (citations omitted).

Plaintiff fails to plead, among other elements, any emotional distress, any extreme and outrageous conduct, and any duty of care owed to him by Defendant. Defendant's compliance with state and federal withholding requirements as pled simply does not support any claim for emotional distress, intentional or negligent. Accordingly, Count Eleven is dismissed.

## III. CONCLUSION

Plaintiff does not plead facts with any discernable clarity or particularity, let alone sufficiently state the elements required to satisfy the numerous claims advanced in the Complaint. Even under a generous reading of the Complaint, as is customary for *pro se* pleadings, the Complaint is entirely deficient. Because Plaintiff fails to state a plausible claim for relief on any Count, Defendant's motion to dismiss is GRANTED WITH PREJUDICE.[10]

The Court also notes that several of the documents filed in this matter appear to contain Plaintiff's personal identifying information, including his birth date and social security number, which has not been properly redacted as required by Federal Rule of Procedure 5.2. The Court has frozen the links for these documents (Docket Entries 1, 12-1, 12-2, 12-3, 12-4, 24-2, and 28-

---

[10] Although it is customary to allow a *pro se* plaintiff to amend his complaint at least once, *see Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) ("A *pro se* complaint should not [be] dismiss[ed] without [the Court's] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.") (citing *Chavis v. Chappius,* 618 F.3d 162, 170 (2d Cir. 2010)) (internal quotation marks omitted), the Court is not doing so in this case because an amendment would clearly be futile. The core of the Plaintiff's dispute with the Defendant is that Defendant insists on withholding taxes, notwithstanding Plaintiff's novel arguments that he is not subject to the income tax laws, and executing child support garnishments. Those activities simply do not give rise to a cause of action. Accordingly, amendment would be futile.

10

1). Defendant is ordered to redact these documents and any others necessary, including Plaintiff's submissions, and refile them by no later than January 19, 2018.

The Clerk of the Court is respectfully directed to terminate Docket Entries 20, 25, and 31, and to close the case.

**SO ORDERED.**

Date: January 5, 2018
New York, New York

*[Signature: Valerie Caproni]*

**VALERIE CAPRONI**
**United States District Judge**